**ABRAMSON & DENENBERG, P.C.**
**BY: ALAN E. DENENBERG, ESQUIRE**
**IDENTIFICATION NUMBER: 54161**
**1200 WALNUT STREET**
**SIXTH FLOOR**
**PHILADELPHIA, PA. 19107**          **ATTORNEY FOR PLAINTIFF**
**(215) 546-1345**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAJORIE SWEET** | : | **CIVIL ACTION** |
| **1929 EAST TIOGA STREET** | : | |
| **PHILADELPHIA, PA 19134** | : | |
| **AND** | : | |
| **CHRISTOPHER SWEET** | : | |
| **P.O. BOX 1000** | : | |
| **HOUTZDALE, PA 16698-1000** | : | |
| **AND** | : | |
| **RENEE BLAIR** | : | |
| **3453 HELEN STREET** | : | |
| **PHILADELPHIA, PA 19134** | : | |
| **AND** | : | |
| **ROBERT KOHLER** | : | |
| | : | |
| | : | |
| **AND** | : | |
| **DAWN BRUMMET** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CITY OF PHILADELPHIA** | : | |
| **1515 ARCH STREET, 15TH FLOOR** | : | |
| **PHILADELPHIA, PA. 19102** | : | |
| **AND** | : | |
| **DETECTIVE RIELLY** | : | |
| **BADGE #9126** | : | |
| **1515 ARCH STREET, 15TH FLOOR** | : | |
| **PHILADELPHIA, PA. 19102** | : | |
| **AND** | : | |

DETECTIVE GREEN                          :
BADGE #8032                              :
1515 ARCH STREET, 15TH FLOOR             :          NO.  03-0111
PHILADELPHIA, PA. 19102                  :
    AND                               :
POLICE OFFICER MERTZ                     :
BADGE #8303                              :
1515 ARCH STREET, 15TH FLOOR             :
PHILADELPHIA, PA 19102             :
    AND                               :
POLICE OFFICERGURSK                      :
BADGE #9596                              :
1515 ARCH STREET, 15TH FLOOR             :
PHILADELPHIA, PA. 19102                  :
    AND                               :
POLICE OFFICER RYCEK                     :
BADGE #790                               :
STREET, 15TH FLOOR                       :
PHILADELPHIA, PA. 19102                  :
    AND                               :
POLICE OFFICERS JOHN DOE #1-10           :
1515 ARCH STREET, 15TH FLOOR             :
PHILADELPHIA, PA. 19102                  :
    AND                               :
SWAT TEAM OFFICERS JOHN DOE #1-10        :
1515 ARCH STREET, 15TH FLOOR             :
PHILADELPHIA, PA. 19102                  :

## COMPLAINT - CIVIL ACTION

1.   Plaintiff, Marjorie Sweet, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

2.   Plaintiff, Christopher Sweet, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

3.   Plaintiff, Renee Blair, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

4.   Plaintiff, Robert Kohler, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

2

5.   Plaintiff, Dawn Brummet, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

6.   Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

7.   Defendant, Detective Reilly, was at all material times an officer with the City of Philadelphia Police Department.  Detective Reilly is being sued both individually and in his official capacity as officer, agent and/or employee of the defendant, City of Philadelphia.

8.   Defendant, Detective Green, was at all material times an officer with the City of Philadelphia Police Department.  Detective Green is being sued both individually and in his official capacity as officer, agent and/or employee of the defendant, City of Philadelphia.

9.   Defendant, Police Officer Mertz, was at all material times an officer with the City of Philadelphia Police Department.  Police Officer Mertz is being sued both individually and in his official capacity as officer, agent and/or employee of the defendant, City of Philadelphia.

10. Defendant, Police Officer Gursk, was at all material times an officer with the City of Philadelphia Police Department.  Police Officer Gursk is being sued both individually and in his official capacity as officer, agent and/or employee of the defendant, City of Philadelphia.

11. Defendant, Police Officer Rycek, was at all material times an officer with the City of Philadelphia Police Department.  Police Officer Rycek is being sued both individually and in his official capacity as officer, agent and/or employee of the defendant, City of Philadelphia.

12. Defendants, Police Officers John Doe #1-10, were at all material times officers with the City of Philadelphia Police Department.  Police Officers John Doe #1-10 are being sued both individually and in their official capacity as officers, agents and/or employees of the defendant, City of Philadelphia.

13. Defendants, SWAT Team Officers John Doe #1-10, were at all material times

officers with the City of Philadelphia Police Department.  SWAT Team Officers John Doe #1-10 are being sued both individually and in their official capacity as officers, agents and/or employees of the defendant, City of Philadelphia.

14.  At all material times, defendant, Detective Reilly, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

15.  At all material times, defendant, Detective Green, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

16.  At all material times, defendant, Police Officer Mertz, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

17.  At all material times, defendant, Police Officer Gursk, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

18.  At all material times, defendants, Police Officer Rycek, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

19.  At all material times, defendant, Police Officers John Doe #1-10, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

20.  At all material times, defendants, SWAT Team Officers John Doe #1-10, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

21. At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training and supervising members of the City of Philadelphia Police Department including in particular, the individual defendants.

22. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §§ 1331 and 1343 and jurisdiction over the State Law Claims, pursuant to the principals of pendant and ancillary jurisdiction.

23. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in the County of Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania.

24. On or about January 8, 2001, three individuals were robbed by two perpetrators, one with a teardrop tattoo, while walking on Tioga Street in Philadelphia, Pennsylvania.

25. On or about January 9, 2001, without knocking or announcing themselves, while plaintiff, Marjorie Sweet, was in the upstairs bedroom of her residence, she heard two loud bangs, at which time plaintiff, Marjorie Sweet, immediately noticed masked men, whom she later learned were SWAT unit officers, in her bathroom doorway with guns pointed directly at her.

26. At that time, defendants, Detective Rielly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, pulled plaintiff, Marjorie Sweet, out of her bathroom and placed her against the hallway wall, ordering her not to move.

27. While plaintiff, Marjorie Sweet, was standing against the wall, she observed one of the masked defendants stamping down hard on her upstairs carpet because a fire had erupted on the carpet as a result of the concussion devices (flash bang) during the defendant officers entry into plaintiff, Marjorie Sweet's, home.

28. After approximately 10 minutes of standing in the hallway, plaintiff, Marjorie Sweet, was taken downstairs and detained in the living room.

29.  At that time, plaintiff, Marjorie Sweet, observed her friend, plaintiffs, Renee Blair and her son Christopher Sweet, lying on the floor handcuffed.   Marjorie Sweet, also observed numerous police officers inside her home.

30.  Defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, questioned plaintiff, Marjorie Sweet, about the robbery that occurred the previous day and whether she knew the identity of the man with the tear drop tattoo.  Plaintiff, Marjorie Sweet, indicated that she did not.

31.  Defendants Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, searched the plaintiff, Marjorie Sweet's, entire home for approximately two hours.

32.  During the course of the search Plaintiff's property, including but not limited to, her ceiling, carpet, smoke detectors, shutters and cabinets were damaged.

33.  Plaintiffs, Renee Blair and Christopher Sweet, remained handcuffed during the entire search by the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10.

34.  No incriminating evidence was found during the search.

35.  On or about, January 15, 2001, the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, returned to plaintiff, Marjorie Sweet's, home and gained entry by using force and broke the doorframe to the plaintiff's home.

36.  Plaintiff, Marjorie Sweet, was not home when defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, forcefully entered her residence.

37.  When plaintiff, Marjorie Sweet, returned home she contacted defendant, Detective Reilly, who confirmed that the police had entered her home earlier that day allegedly with a search warrant.

38.  Plaintiff, Marjorie Sweet, requested a copy of the search warrant, however she has never received a copy of the search warrant for the January 15, 2001 police entry into her home.

39.  Subsequently, the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, have arrested an individual, with a teardrop tattoo, identified as Juan Gonzalez for the January 8, 2001 robbery.

40.  On or about September 21, 2001, without knocking or announcing themselves, defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, returned to the plaintiff, Marjorie Sweet's, home without a warrant, and gained entry by using force and again caused property damage to the entranceway.

41.  Defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, held plaintiffs, Robert Kohler, Christopher Sweet and Dawn Brummet, along with their infant child, Shannon, at gunpoint.

42.  Defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, claimed that they were looking for Jeffery Sweet, who was not present at the residence. Defendants thereupon searched the entire home for approximately 20 minutes.

43.  Defendants, did not produce a warrant and again recovered no evidence.

44.  As a direct and proximate result of the aforementioned acts and conduct of the defendants, all plaintiffs, have sustained severe emotional distress, which the plaintiffs are advised may

be permanent in nature.

45. As a direct and proximate result of the aforementioned actions of the defendants, all plaintiffs have suffered disability, mental anguish and emotional distress and will continue to suffer same for an indefinite time in the future to their great detriment and loss.

46. As a direct and proximate result of the aforementioned actions of the defendants, all plaintiffs have been obliged to and may continue to expend various sums of money and to incur various expenditures for medical treatment for an indefinite period of time in the future, to their great detriment and loss.

47. As a direct and proximate result of the aforementioned actions of the defendants, all plaintiffs have and will hereinafter incur other financial expenses and losses.

### COUNT I - 42 U.S.C. §1983
### EXCESSIVE FORCE
### MAJORIE SWEET, CHRISTOPHER SWEET AND RENEE BLAIR V. DETECTIVE REILLY, DETECTIVE GREEN, POLICE OFFICER MERTZ, POLICE OFFICER GURSK, POLICE OFFICER RYCEK, POLICE OFFICERS JOHN DOE #1-10 AND SWAT TEAM OFFICERS JOHN DOE #1-10

48. Paragraphs 1 through 47 are incorporated herein by reference, as though each were fully set forth herein at length.

49. As aforesaid, defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the City of Philadelphia; deprived the plaintiffs of their rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from excessive force on 1/9/01 and 9/21/01; all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the

Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. §1983.

50. As aforesaid, defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the defendant, the City of Philadelphia, intentionally and illegally entered the home of plaintiff, Marjorie Sweet, and intentionally and maliciously threatened and humiliated, plaintiffs, Marjorie Sweet and Renee Blair, and used their position of authority, illegally and improperly to punish and use excessive force on the plaintiff, by the above described actions, all of which violated the plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. §1983.

51. As aforesaid, defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the defendant, the City of Philadelphia, intentionally and maliciously assaulted and battered, plaintiffs, Marjorie Sweet and Renee Blair, and placed them in fear of imminent bodily harm without just cause or provocation by the above described actions, all of which violated the plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. §1983.

52. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, the plaintiffs, Marjorie Sweet and Renee Blair, suffered injuries that are described above.

53. The above-described actions of the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiffs' rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. 1983 and 1988, plaintiffs, demand compensatory and punitive damages against defendants, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

**COUNT II – 42 U.S.C. § 1983**
**ILLEGAL ENTRY**
**MAJORIE SWEET V. DETECTIVE REILLY, DETECTIVE GREEN, POLICE OFFICER MERTZ, POLICE OFFICER GURSK, POLICE OFFICER RYCEK, POLICE OFFICERS JOHN DOE #1-10 AND SWAT TEAM OFFICERS JOHN DOE #1-10**

54. Paragraphs 1 through 53 are incorporated herein by reference, as though each were fully set forth herein at length.

55. As aforesaid, defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, acting within the course and scope of their employment, under the color of state law, intentionally and maliciously deprived plaintiff, Marjorie Sweet, of her rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from unreasonable entries and searches; all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and is in violation of 42 U.S.C. § 1983.

56. As aforesaid, defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, acting within the course and scope of their employment, under the color of State law, intentionally and illegally entered the home of plaintiff, Marjorie Sweet, on 1/9/01, 1/15/01 and 9/21/01, and without just cause or provocation, all of which actions violated plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

57. As aforesaid, defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, acting within the course and scope of their employment, under the color of State law, intentionally and maliciously assaulted, battered, humiliated, threatened, accused, and insulted, plaintiff, Marjorie Sweet, and used their position of authority, illegally and improperly to enter the home of the plaintiff, by the above described actions, all of which actions violated the plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

58. The defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, have been deliberately indifferent to the rights of the plaintiff, Marjorie Sweet, to be free from illegal search and seizure, which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

59. As a direct and proximate result of the malicious, intentional and reckless actions

of the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk,

Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-

10, the plaintiff, Marjorie Sweet, suffered injuries which are described above.

60. The above described actions of the defendants, Detective Reilly, Detective

Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe

#1-10 and/or SWAT Team Officers John Doe #1-10, in their individual capacities, were so

malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights

and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, plaintiff, Marjorie Sweet, demands

compensatory and punitive damages against defendants, Detective Reilly, Detective Green, Police

Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or

SWAT Team Officers John Doe #1-10, jointly and/or severally, in their individual capacities, in an

amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's

fees and delay damages.

### COUNT III - 42 U.S.C. § 1983
### CONSPIRACY
### MAJORIE SWEET, CHRISTOPHER SWEET, RENEE BLAIR,
### ROBERT KOHLER AND DAWN BRUMMET V. DETECTIVE REILLY, DETECTIVE
### GREEN, POLICE OFFICER MERTZ, POLICE OFFICER GURSK, POLICE OFFICER
### RYCEK, POLICE OFFICERD JOHN DOE #1-10 AND SWAT TEAM OFFICERS JOHN
### DOE #1-10

61. Paragraphs 1 through 60 are incorporated herein by reference, as though each were

fully set forth herein at length.

62. Defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer

Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe

#1-10, entered into an agreement and/or reached a meeting of their minds to violate plaintiffs

Constitutional Rights: specifically by using excessive force, illegally entering plaintiff's home and

engaging in a pattern and practice of harassment, all while employing tactics of terror designed and in fact causing plaintiffs harm.

63. As detailed above, defendants, entered into a conspiracy to harm the plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, and deny the plaintiffs of their constitutional rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, and the laws of the United States and of the Commonwealth of Pennsylvania.

64. As detailed above, defendants, performed overt acts in furtherance of the conspiracy.

65. As detailed above, the conspiracy directly and proximately resulted in harm to the plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, including the deprivation of their rights and privileges under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

66. As detailed above, defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the City of Philadelphia, illegally entered and seized the plaintiffs; illegally entered and searched the residence of plaintiff, Marjorie Sweet, multiple times; deprived plaintiffs of their liberty without due process of law; deprived the plaintiffs of the equal protection of the law; and deprived the plaintiffs of the privileges and immunities afforded to citizens of the United States and the Commonwealth of Pennsylvania; all of which actions violated the plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States and of the Commonwealth of Pennsylvania, and all of which actions contributed to, assisted and implemented the conspiracy.

67. The plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and

Dawn Brummet, believe and therefore aver, that defendants, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the City of Philadelphia, provided intentional as well as unintentional support to the conspiracy to deprive the plaintiffs of their constitutional rights.

68. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, the plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, suffered injuries, which are described above.

69. The above described actions of the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, in their individual capacities were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, demand compensatory and punitive damages against defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

## COUNT IV - 42 U.S.C. 1983
## MONELL CLAIM
## MAJORIE SWEET, CHRISTOPHER SWEET, RENEE BLAIR, ROBERT KOHLER AND DAWN BRUMMET VS. CITY OF PHILADELPHIA

70. Paragraphs 1 through 69 are incorporated herein by reference, as though each were set forth herein at length.

71. The plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, believe and therefore aver that defendant, the City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or acquiescing to the utilization of the SWAT team where the need to use the SWAT team, and/or the methods and degree of force used by the SWAT team is unnecessary and excessive given the circumstances of the situation.

72. The plaintiffs believe and therefore aver that the defendant, City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and practice of systematically failing to properly train, supervise and/or discipline SWAT team members, including the individual defendants, regarding constitutional restraints on the use of force and search and seizure.

73. The above cited policy, custom and practice is deliberately indifferent to the rights of the citizens of Philadelphia and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania.

74. The defendant, the City of Philadelphia, was aware of the aforesaid described policy, custom and practices for a substantial period of time and despite knowledge of the illegal policies and practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised defendant officers, who engaged in the said practices; have not effectively trained officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policy and practices described to the deliberate indifference of the constitutional rights of the residence of the City of Philadelphia.

75. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, defendants, the City of Philadelphia and its Commissioners, condoned, acquiesced

15

in, participated in, and perpetrated the policy in violation of the plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and was in violation of 42 U.S.C. §1983.

      **WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, demand compensatory damages against defendant, the City of Philadelphia, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

## COUNT V – 42 U.S.C. §1983 – BYSTANDER LIABILITY
## MARJORIE SWEET, CHRISTOPHER SWEET, RENEE BLAIR, ROBERT KOHLER AND DAWN BRUMMET VS. DETECTIVE REILLY, DETECTIVE GREEN, POLICE OFFICER MERTZ, POLICE OFFICER GURSK, POLICE OFFICER RYCEK, POLICE OFFICERS JOHN DOE #1-10 AND SWAT TEAM OFFICERS JOHN DOE #1-10

      76.  Paragraphs 1 through 75 are incorporated herein by reference, as though each were set forth herein at length.

      77.  The plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, believe and therefore aver that defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, encouraged and stood idly by while excessive force was used against the plaintiffs, which deprived the plaintiffs of their constitutional rights and privileges under the Constitution of the United States.

      78.  The plaintiffs believe and therefore aver that defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, encouraged and failed to prevent their fellow officers from using excessive force against the plaintiffs, and therefore deprived the

plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, of their rights under the Fourth and Fourteenth Amendments.

79.  As detailed above, defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the use of excessive force upon the plaintiffs by their fellow officers.

80.  As detailed above, by encouraging and failing to intervene, defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, effectively assisted their fellow officer in using excessive force against the plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, and therefore deprived the plaintiffs of their constitutional rights and privileges under the Constitution of the United States, more specifically the Fourth and Fourteenth Amendments.

81.  The above described actions of the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, in their individual capacities were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiffs' rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983, plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, demand compensatory and punitive damages against defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, jointly and/or severally in their official capacities, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT VI - ASSAULT AND BATTERY
### MAJORIE SWEET, CHRISTOPHER SWEET, RENEE BLAIR,
### ROBERT KOHLER AND DAWN BRUMMET VS. DETECTIVE RIELLY, DETECTIVE
### GREEN, POLICE OFFICER MERTZ, POLICE OFFICER GURSK, POLICE OFFICER
### RYCEK, POLICE OFFICERS JOHN DOE #1-10 AND SWAT TEAM OFFICERS JOHN
### DOE  #1-10

82. Paragraphs 1 through 81 are incorporated herein by reference, as though each were fully set forth herein at length.

83. Plaintiffs believe and therefore aver that the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, acting within the course and scope of their authority, wrongfully and unlawfully assaulted and battered the plaintiffs, as more particularly described hereinabove on 1/9/01 and 9/21/01.

84. Plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, specifically complain of the conduct of defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, in handcuffing them for a prolonged period of time and pointing a gun directly at them.

85. The above-described actions of defendants placed the plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, in the reasonable fear of imminent bodily harm and resulted in the plaintiffs being unlawfully and improperly assaulted and abused against their will.

86. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, the plaintiffs suffered injuries that are described herein.

87. The above-described actions of defendants, Detective Reilly, Detective Green,

Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, were so malicious, intentional, reckless and displayed such a reckless indifference to the plaintiffs' rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, demand compensatory and punitive damages against defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, jointly and/or severally, for the common law torts of assault and battery, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

**COUNT VII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**MAJORIE SWEET, CHRISTOPHER SWEET, RENEE BLAIR, ROBERT KOHLER AND DAWN BRUMMET VS. DETECTIVE RIELLY, DETECTIVE GREEN, POLICE OFFICER MERTZ, POLICE OFFICER GURSK, POLICE OFFICER RYCEK, POLICE OFFICERS JOHN DOE #1-10, AND SWAT TEAM OFFICERS JOHN DOE #1-10**

88. Paragraphs 1 through 87 are incorporated herein by reference, as though each were fully set forth herein at length.

89. Plaintiffs believe and therefore aver that the defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, through their actions, as more fully set forth in the preceding paragraphs of this complaint, did inflict serious emotional distress upon the plaintiffs in an intentional and/or reckless manner.

90. The above-described malicious, intentional, and/or reckless acts and omissions of defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, were

outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

91. The above-mentioned malicious, intentional, and/or reckless acts and omissions of defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, caused and continue to cause the plaintiffs severe emotional distress, anxiety, and fear.

92. As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, the plaintiffs suffered injuries that are described above.

93. The above-described actions of defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, were so malicious and intentional and displayed such a reckless indifference to the plaintiffs' rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiffs, Marjorie Sweet, Christopher Sweet, Renee Blair, Robert Kohler and Dawn Brummet, demand compensatory and punitive damages against defendants, Detective Reilly, Detective Green, Police Officer Mertz, Police Officer Gursk, Police Officer Rycek, Police Officers John Doe #1-10 and/or SWAT Team Officers John Doe #1-10, jointly and/or severally, for the common law tort of intentional infliction of emotional distress, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

## COUNT VIII – PROPERTY DAMAGE
## MARJORIE SWEET V. THE CITY OF PHILADELPHIA

94. Paragraphs 1 through 93 are incorporated herein by reference, as though each were fully set forth herein at length.

95. Plaintiff, Marjorie Sweet, owns and lives at 1929 E. Tioga Street located in Philadelphia, Pennsylvania.

96. At the aforementioned time and place, defendant, City of Philadelphia negligently and/or recklessly conducted three searches in the home of plaintiff, Marjorie Sweet.

97. As a result of individual defendant officers' negligence and/or recklessness while conducting a search, as set forth above, plaintiff, Marjorie Sweet's home sustained property damager.

98. The cost and reasonable value of the repairs necessitated by such damage is $2,500.00.

**WHEREFORE**, plaintiff, Marjorie Sweet, demands judgment against the defendant, City of Philadelphia for damages in the amount of $2,500.00.


**ABRAMSON & DENENBERG, P.C.**


**BY:**_____
    **ALAN E. DENENBERG, ESQUIRE**
    **ATTORNEY FOR PLAINTIFFS**